## Case No. 1,767.

BRADFORD et al. v. EASTBURN.

[2 Wash. C. C. 219.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1808.

PRINCIPAL AND AGENT — RIGHTS AND LIABILITIES AS TO THIRD PERSONS.

1. An action cannot be maintained against the agent, for transactions with his principals through him, unless a specific agreement is

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

made with the agent, that he will be personally liable for the acts of his principal.

2. Where the agent has acted illegally, in refusing to deliver goods sent by his principal to him for others, upon a contract for their sale and delivery made with the principal, the remedy is by action against the principal, and not against the agent.

At law. This was a special action on the case. The declaration stated, that a certain conversation was had and moved, between the plaintiffs and the defendant, concerning the importation of books and stationary by the plaintiffs, from Longman & Co. of London, for whom the defendant was agent; whereupon, in consideration that the plaintiffs had promised and agreed to receive from the defendant certain books and stationary, on their arrival, and to pay for them at the customary prices, at nine months from the day of shipping them, the defendant agreed that he would order the said books and stationary, to be imported for them from the said Longman & Co., and on their arrival in the United States, he would deliver them to the plaintiffs. That in part execution of his agreement, the defendant caused the said books and stationary to be imported for the plaintiffs; that they arrived in New-York, consigned to the defendant for the plaintiffs; and, although the plaintiffs were ready to perform, &c., yet the defendant did not deliver, &c., but refused, &c.

Plea, the general issue. The evidence on the part of the plaintiffs, was as follows, viz.: A circular letter, signed by Longman & Co., enclosed to the plaintiffs by the defendant, stating the terms on which they would send books and stationery to booksellers in the United States, viz.: at the prices mentioned in a catalogue enclosed, payable at nine months from the shipping of the goods, and stating that all payments and orders were to be made through the defendant, their agent, at New-York. On the 8th of July, 1805, the plaintiffs wrote to Longman & Co., enclosing an order for a parcel of books, which letter they sent to the defendant, with a request that he would forward it to Longman & Co.; and mentioning that they would send a duplicate by some other conveyance. On the 11th of July, the defendant returned an answer, saying, that the plaintiffs' order should be forwarded in a few days. On the 22nd of November, the defendant, by letter, informed the plaintiffs that the goods had arrived, consigned to him, and requested that they will give their note, with an endorser, for the amount, at nine months from the date of the invoice, and give their orders respecting the goods. The plaintiffs refused to give their note, until they should receive the invoice, and examine the goods, so as to ascertain whether they were conformable to order, and the amount was regularly calculated. The defendant refused to deliver the invoice to the plaintiffs, until the note, with

the endorser, was given; upon which the plaintiffs abandoned the goods, under a declaration that they should look to the defendant for damages.

Witnesses were examined to ascertain the damages sustained by the plaintiffs.

The court inquired of Mr. Hallowell, for the plaintiffs, if he thought he could, upon this evidence, support his action, which was laid upon a special contract, made with the defendant; whereas it appeared that it was made with Longman & Co., and that the defendant only acted as agent?

Hallowell replied, that although the plaintiffs' letter and order were directed to Longman & Co., yet it is plain, from the agency of the defendant in the business, that the plaintiffs considered themselves as dealing with the defendant personally, and that he was to cause the goods to be imported for, and delivered to the plaintiffs. Upon the merits, he contended, that the condition insisted upon by the defendant, was in violation of the contract, which did not oblige the plaintiffs to give a note, much less an endorser. The plaintiffs being proved to have been a firm of credit and solidity, at the time the goods arrived, and since, the right to stop in transitu could not arise.

Levy, for defendant, insisted that this action would not lie against the defendant. He cited 3 P. Wms. 277. 2 Vern. 221. If the factor declare his principal at the time, he is not personally liable, if he act within his authority. 1 H. Bl. 364, as to the right to stop in transitu.

[Verdict for defendant.]

WASHINGTON, Circuit Justice. This is certainly a very plain case. If the court could discover any difficulty in it, we would ask you to reserve the point of law, which has been raised. But there is no doubt respecting it, and of course it is our duty to say, that your verdict should be for the defendant.

As to the inconveniences stated by the plaintiffs' counsel, if agents in cases of this kind should not be liable, but persons contracting with them should be turned over to their constituents, across the water, the answer is plain. If a merchant here wishes for the responsibility of the agent, let him take the personal engagement of the agent, that the orders sent to his principal shall be complied with. If the agent refuse a personal liability, the merchant can deal with the principal or not, as he pleases. But the question here is, did the defendant enter into the agreement, charged by the declaration to have been made by him, and denied by the plea? There is no other point for you to try; for, however the plaintiffs may have been injured, still, if the defendant did not promise, as he is charged, the remedy cannot be against him. Now it appears to us, that the defendant was nothing more than a channel of communication between

the plaintiffs and Longman & Co. The circular letter, containing the offer to furnish goods, is signed by them; and the answer of the plaintiffs, agreeing to import, is addressed, together with their orders, to them. The defendant is applied to by the plaintiffs, merely to forward their letter, which he promised to do, and which promise he performed.

The goods were not sent to the plaintiffs by Longman & Co., as they had a right to expect, but were consigned to the defendant. It is to be presumed, that the defendant acted under the direction of his principals; but if they or he acted wrong, in refusing to deliver up the goods, except upon a condition not warranted by the contract, they only can be made responsible in this form of action, with whom the contract was made; this was Longman & Co., not the defendant. Your verdict, therefore, ought to be for defendant. Verdict for defendant.